### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: Abdel Koussih )<br>)<br>Debtor )<br>)<br>_____ )<br>)<br>AMERICAN UNIVERSITY )<br>OF ANTIGUA INC. )<br>)<br>Plaintiff )<br>v. )<br>)<br>ABDEL KOUSSIH )<br>)<br>Defendant ) | | CASE NO.: 10-15221-DWH<br>CHAPTER 7<br><br><br><br><br><br><br><br>ADVERSARY NO. _____ |

### COMPLAINT TO DETERMINE DISCHARGEABILITY
### OF DEBT UNDER 11 U.S.C. § 523(a)(8)

COMES NOW, American University of Antigua Inc. (hereinafter "AUA"), by and through its counsel Daniel, Coker, Horton & Bell, P.A., and files its Complaint to Determine the Dischargeability of certain school loan debt under 11 U.S.C. § 523(a)(8). The Plaintiff would show the following in support of its complaint:

### PARTIES

1. Plaintiff is a corporation organized, incorporated, registered and existing under the laws of Antigua and Barbuda in the West Indies Caribbean area.

2. Defendant Abdel Koussih, M.D. (hereinafter "Debtor" or "Defendant" or "Dr. Koussih"), upon information and belief, is an adult resident citizen of Lowndes County, Mississippi, and can be served with process at 1031 Steens Vernon Road, Steens, Mississippi 39766.

Debtor is represented in these proceedings by R. Gawyn Mitchell, P.A., P.O. Box 1216, Columbus, Mississippi 39703.

## JURISDICTION AND VENUE

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a).

4. Venue is proper with this Court pursuant to 11 U.S.C. §1408.

## ARGUMENT

5. AUA owns and operates the American University of Antigua School of Medicine (hereinafter the "Medical School").

6. AUA owns, and holds for value given, four (4) private education loans, each of which was advanced to Dr. Koussih for the purpose of financing the cost of his attendance at the Medical School, including tuition, fees and related expenses.

7. Dr. Koussih does not dispute these loans and has listed them on schedule F.

8. The applications and promissory notes signed by Dr. Koussih, as well as the four (4) Truth in Lending Disclosures issued to him for each of the student loans, are attached hereto for identification purposes as Exhibits "1" through "8," respectively. Each of the student loans was originated by chartered state banks in South Dakota and Wisconsin respectively (two from each bank), and the loans were subsequently sold, transferred and assigned for value to Plaintiff.

9. Dr. Koussih filed for Chapter 7 relief under the bankruptcy code on or around October 27, 2010.

10. As of December 31, 2010, Defendant was indebted to Plaintiff on account of the four student loans in the aggregate amount of $132,727.08, including interest and fees.

11. According to the Schedules and Statements on file with the Court, Defendant has no real property and no secured debts.

12. Defendant has listed student loan debt and credit card debt on Schedule F. The current Chapter 7 proceeding will discharge debtor of approximately $35,404.64 in credit card debt.

13. As reflected on Schedule J, Dr. Koussih is making monthly payments of $275.00 on account of student loans, with an average monthly family income of $5,410.00. One of the four education loans is currently "interest only" and the other three student loans held by AUA are currently in deferment status, and will remain in deferment during Dr. Koussih's medical residency.

14. Under §523(a)(8)(A) and (B), an education loan, cannot be discharged in bankruptcy unless there is a showing of undue hardship.

15. The Debtor has graduated from the Medical School and, upon information and belief, is currently working in a medical profession at Baptist Memorial Hospital in Memphis, Tennessee and thus there is no basis for a discharge of these student loans. Moreover, upon information and belief, Dr. Koussih is expected to soon enter his residency, during which three of the four loans held by AUA will remain in deferment status, and the fourth will remain interest only.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court enter an Order which determines that the debt owed by Debtor Abdel M. Koussih to AUA, under the four education loan held by AUA, is nondischargeable under 11 U.S.C. § 523(a)(8)(A) and (B), that at the close of this bankruptcy proceeding the Debtor Abdel M. Koussih continues to owe his

student loan debt to AUA, and other general relief to which the Plaintiff may be entitled.

RESPECTFULLY SUBMITTED this the 28th day of January 2011.

AMERICAN UNIVERSITY OF ANTIGUA INC.

By: _____
OF COUNSEL

OF COUNSEL:
KENNETH A. RUTHERFORD – MS BAR #5749
krutherford@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

STEPHANIE G. BEAVER – MS BAR #100237
sbeaver@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
1712 15th STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE: (228) 864-8117
FACSIMILE: (228)864-6331

## CERTIFICATE OF SERVICE

I, Stephanie G. Beaver, Esq., one of the attorneys for Plaintiff, do hereby certify that I have this date served a copy of the above and foregoing *Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(8)*, via the Court's electronic filing system to the following interested parties at the information on file with the Court:

Michael Bolen, U.S. Trustee, *USTPRegion05.JASCF usdolgov*;

Henry J. Applewhite, Chapter 7 Trustee, *happlewhite@applewhitelaw.com*

R. Gawyn Mitchell, Attorney for Debtor, *rgmnotices@gmail.com*

SO CERTIFIED, THIS, the 28th day of January, 2011.

_____
STEPHANIE G. BEAVER